440 P.2d 869

**SUGARHOUSE FINANCE COMPANY, a corporation, Plaintiff and Appellant,**

v.

**ZIONS FIRST NATIONAL BANK, a corporation, Defendant and Respondent,**

and

**Walker Bank & Trust Company, a corporation, Defendant.**

No. 11029.

Supreme Court of Utah.

May 6, 1968.

Bruce E. Coke, of Beaslin, Nygaard, Coke & Vincent, Salt Lake City, for plaintiff and appellant.

John F. Piercey, of Cannon, Green, Piercey, Nebeker & Horsley, Salt Lake City, for defendant and respondent.

ELLETT, Justice:

The appellant, hereafter referred to as plaintiff, maintained a checking account with Walker Bank & Trust Company, hereafter called Walkers. Zions First National Bank will be referred to as Zions.

### First Cause of Action

Davis as manager of plaintiff had authority to draw checks on plaintiff's account at Walkers, when another required signature was placed on the checks. He caused 32 checks to be drawn to various payees. These checks were endorsed by someone other than the named payees and were deposited by Davis in his personal account or accounts in Zions. The total amount so deposited was $150,265. Walkers honored the checks and charged them to the plaintiff's account. Davis subsequently withdrew the money and converted it to his own use.

Plaintiff sued both Walkers and Zions. The trial court, on motion, dismissed as to Zions with prejudice on the grounds that a claim was not stated.

Utah has the Uniform Fiduciaries Act. The purposes to be accomplished by this Act would seem to be to facilitate banking and financial transactions by relieving

the depositary banks and others dealing with a fiduciary from the duty imposed at common law of seeing that fiduciary funds are properly applied to the account of the principal. In other words, the statute places a duty upon principals to use only honest fiduciaries, and gives relief to those who deal with fiduciaries except where they know the fiduciary is breaching his duty to his principal or where they have knowledge of such facts that their action in dealing with the fiduciary amounts to bad faith.

The statute does not define "bad faith." However, it defines "good faith" as being done honestly, whether it is done negligently or not. "Bad faith" is the antithesis of good faith and has been defined in the cases to be when a thing is done dishonestly and not merely negligently. Davis v. Pennsylvania Co., etc., 337 Pa. 456, 12 A.2d 66 (1940). It is also defined as that which imports a dishonest purpose and implies wrongdoing or some motive of self-interest. National Casualty Co. v. Caswell & Co., 317 Ill.App. 66, 45 N.E.2d 698 (1943).

An agent or officer of a corporation is a fiduciary under the statute, and Davis was clearly a fiduciary of the plaintiff in his dealings with the banks.

■ Plaintiff set forth its first cause of action in two counts. In the first count it claims Zions was negligent in a number of respects, but negligence absent bad faith does not make for liability under the Act. It also stated in this count that Zions paid the 32 checks with actual knowledge that Davis was committing a breach of his fiduciary obligation in making a deposit of the checks.

In Count II of the first cause of action, the plaintiff claims the endorsements were forged.

It should make no difference under the statute whether the endorsement is forged or whether the payee is fictitious. In either case the paper is of no value, and anyone receiving money thereon from the drawee bank would be obtaining money without giving any consideration therefor and would be liable to the drawee bank or to the depositor for the money paid out on such checks,[1] unless the statute requires a contrary holding.

In this case the plaintiff suffered no loss by reason of the cashing of the checks, for the funds from the checks were given to its fiduciary, who under his duty should have held them for the plaintiff. It was when the funds were withdrawn by Davis and converted to his use that the plaintiff sustained its loss. There may be a lot of reasons why a principal and his fiduciary may engage in odd and unusual check writing, such, for example, as making a political contribution or putting funds into a secret agent's possession to purchase property and

1. 10 Am.Jur.2d, Banks, Sec. 629.

hold it in a name other than that of the principal. The statute was intended to cover just such situations. If a principal cannot trust his agent with money, he ought to put the agent under bond.

Zions claims protection under Section 22–1–9, U.C.A.1953, which insofar as material reads as follows:

> If a fiduciary makes a deposit in a bank to his personal credit of checks drawn by him upon an account in his own name as fiduciary, or of checks payable to him as fiduciary, or of checks drawn by him upon an account in the name of his principal, if he is empowered to draw checks thereon,

> * * * or if he otherwise makes a deposit of funds held by him as fiduciary, the bank receiving such deposit is not bound to inquire whether the fiduciary is committing thereby a breach of his obligation as fiduciary; and the bank is authorized to pay the amount of the deposit or any part thereof upon the personal check of the fiduciary without being liable to the principal, unless the bank receives the deposit or pays the check with actual knowledge that the fiduciary is committing a breach of his obligation as fiduciary in making such deposit or in drawing such check, or with knowledge of such facts that its action in receiving the deposit or paying the check amounts to bad faith.

In making the claim Zions overlooks paragraph 10 of the first count, which reads:

> That the defendant, Zions First National Bank, paid on such checks with actual knowledge that Guy E. Davis was committing a breach of his fiduciary obligation in making a deposit of such checks.

In Count II the plaintiff pleads that the failure to perform the duty (to determine the genuineness of the endorsements) with knowledge of the facts alleged in Count I amounts to bad faith on the part of Zions.

If the plaintiff can prove that Zions knew that Davis was breaching his fiduciary obligations as alleged in the complaint, the statute gives no protection to Zions, and it must respond in damages.

This cause of action does state a claim in favor of the plaintiff and against Zions, and the trial court was in error in dismissing it.

### Second Cause of Action

Davis drew three checks on plaintiff's account totaling $47,000 and deposited them to an account which he had with Zions in the name of Treasure Mountain Enterprises, a sole proprietorship of Davis. Zions was sole payee on two of the checks, while the third named Zions and Treasure Mountain Enterprises as payees.

The complaint alleged that Zions was negligent and acted in bad faith in transferring

funds without requiring any demonstration of authority for the transfer, whether by resolution or otherwise, and in requiring not even the endorsement of Davis.

We do not think the allegation is sufficient to show bad faith, as negligence alone is not enough to constitute bad faith; and we fail to see why Zions should require a demonstration of authority to make the transfer or to require an endorsement on a check made payable to itself. The trial court correctly held that this cause of action does not state a claim against Zions.

Zions further claims that it cannot be held on either cause of action because the matter is res judicata. The contention is based upon the following factual background:

A prior case was filed against Zions and Walkers identical to the instant matter, except there were no allegations of knowledge of breach of fiduciary obligations or bad faith. On motion of Zions the trial court dismissed and signed an order reciting that it was dismissed with prejudice. The matter was brought before the court, and the judge drew an ink line through the words "dismissed with prejudice" and wrote above it in longhand the word "dismissed."

At argument before this court, counsel for plaintiff presented an affidavit of the trial judge, which affidavit was not objected to by counsel for Zions. In that affidavit the judge said that the order of dismissal in the first action was without prejudice and with leave to amend within 10 days after the filing of an order to that effect; that the words "dismissed with prejudice" were erroneously inserted by counsel for Zions, and as soon as it was brought to his attention he corrected the order as indicated.

Regardless of the propriety of the filing in this court of an affidavit not in the record, we have noticed it because of a lack of any objection. We think the original order is ambiguous in that the typed part saying "with prejudice" is lined out, and the written word "dismissed" does not say whether without or with prejudice. The trial judge could have corrected his record so as to clarify the matter, but it would be difficult to see how he could make it any plainer than he did by his affidavit. No order has ever been filed indicating that plaintiff would have 10 days to amend its complaint. No motion has been made to dismiss the instant case on the ground that another action is pending involving the same subject matter. Since the plaintiff still has the former action undisposed of, we do not see how Zions can claim res judicata.

The case is remanded to the trial court for such further proceedings, not inconsistent with this opinion, as are proper. No costs are awarded.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.